The opinion of the Court was delivered by
Johnson, J.
This case has been submitted without argument, and the grounds of the motion being the general one, that the verdict is contrary to law and evidence, without any specification, we are left to conjecture what is predicated.
The points made in the argument of the cause before the jury, in the court below, and those which I presurpe are now relied on, were, that a larceny could in no case be committed where the thing charged to be stolen, came to the possession of the party charged, by delivery of the owner. And admitting it might, that the evidence in this case did not satisfactorily show, that the prisoner’s design, in obtaining possession of the horse, was at the time felonious.
Whatever might have been the old rule on the subject, there can be no question, that at this day a larceny can be committed of goods obtained by delivery froip the 'owner, if it was done animo furandi ; 3 Chitty Crim. Law, 293 ; and the reason and propriety of this rule appear to me too manifest to need illustration. .*’If delivery by the unsuspecting owner, was a sufficient excuse for the thief, however grossly fraudulent or felonious his intention might be, villainy would readily devise stratagems to obtain it, even from the most wary, and would be wholly destructive of that confidence and spirit of accommodation by which society is held together.
Goodwin and A. JP. Butler, for the motion. Stark, Solicitor, contra.
That the prisoner got possession of the horse, with the stealing of which he is charged, with a felonious intention, is determined by the verdict of guilty, and unfortunately for him, I think, it is too plainly manifested by the evidence. He obtained the possession of the horse from Gandy, in whose care he was left, under the strong claim that he had lent one the day preceding to Strother Tidwell, in whose care he was ; pretending that he wanted to ride only a few miles to procure hay for the team, of which he had the charge ; for which there was no necessity ; as they were supplied by one of the witnesses, who was employed by the owner to provide for them. He had but just got the horse into his possession, when he set up a claim to him, by telling one of the witnesses that he had swopped for him. And he carried him directly off to Barnwell, where he immediately disposed of him, telling the purchaser that he received him as a part of his dividend of his father’s estate, who had lately died, and moreover, assumed a diversity of names, well calculated for that pursuit.
1 am, therefore, of the opinion that the motion must be refused.
Colcock, Nott, Gantt and RiohaRdson, JJ., concurred.